UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LIVIA M. SCOTTO, *et al.*,

    *Plaintiffs*,

v.

A.R.R. *et al.*,

    *Defendants*.

Civil Action No. 1:25-cv-02057 (CJN)

## MEMORANDUM OPINION

This matter, filed by Plaintiffs Livia M. Scotto and Carmela A. Sciabarra, is currently before the Court on their Applications for Leave to Proceed *in forma pauperis* ("IFP"), ECF Nos. 2, 3, and their *pro se* Complaint ("Compl."), ECF No. 1. The Court grants their IFP Applications and, for the reasons explained below, dismisses this matter without prejudice.

Plaintiffs, who reside in Florida, sue approximately 52 defendants, including various insurance companies, banks, corporations, schools, hospitals and other medical providers, localities, and federal agencies. *See* Compl. at 1–3. The Complaint cites to numerous purported causes of action and legal authorities but fails to draw a connection between the intended claims and any given Defendant, or between the Defendants themselves. *See id.* at 1–4. The allegations are rambling and largely incomprehensible, alleging recurring crimes, a home invasion, a dog attack, legal malpractice, assets held in trust, forged records, data breaches, intellectual property, Scotto's career as a model, theft of bank funds, toxic gas, debt to a third party, malicious prosecution, and prior lawsuits. *See id.* at 3–4. Any relief sought is unclear.

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Here, the Complaint fails to comply with Rule 8, which

1

requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). Plaintiffs' allegations are neither short nor plain, and their "confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (internal quotations and citation omitted).

This matter is accordingly dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: October 17, 2025

CARL J. NICHOLS
United States District Judge